BEHREND T. FISCHER *et al. vs.* CHARLOTTE F. SCOTT.

MARY E. VAN AUSDALL *et al.* FOR AN OPINION.

JUNE 27, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)    *Probate Law.    Estate in Remainder.    "Real Estate."*

The clear intention of Sec. 7, cap. 1787, Pub. Laws, 1919, providing that whenever an intestate dies without issue leaving a husband or wife surviving, "the real estate . . . shall descend and pass to the husband or wife for his or her natural life. The probate court . . . may also in its discretion, if there be no issue as aforesaid, . . . allow and set off to the widow or husband in fee real estate of the decedent . . . to an amount not exceeding five thousand dollars in value," was to give to the surviving spouse an interest in all of the real estate of whatsoever nature of the deceased spouse.

(2)    *Probate Law.    Estate in Remainder.    "Real Estate."*

A vested interest in remainder expectant upon a life estate is "real estate" within the meaning of Pub. Laws, 1919, cap. 1787, § 7.

PROBATE APPEAL and also a special case stated for the opinion of the court. Exception of appellants in first case overruled.

RATHBUN, J. The first case is before us on exception to the decision of a justice of the Superior Court affirming a decree of the Municipal Court of the City of Providence.

Said decree allowed and set off in fee to Charlotte F. Scott, widow of Earl W. Scott, an undivided one-half interest in certain real estate in which her husband in his lifetime had a vested interest in one-half thereof in remainder.

The appellants appealed from said decree to the Superior Court. The parties waived a jury trial and agreed that the facts are as follows: "that said Earl W. Scott died on February 21, 1920, intestate and without issue, leaving the petitioner, his wife, surviving, and that said Earl W. Scott was entitled to a vested remainder in fee simple in an undivided one-half interest in said real estate, said remainder

being expectant upon the life estate of Mary C. Toye, and that said Mary C. Toye died prior to the filing of said petition, and that none of said real estate is required for the payment of debts of said Earl W. Scott, and that said Earl W. Scott owned at the time of his death real and personal property of the value of less than Two Hundred Dollars ($200.00) except his said interest in said real estate, and that said Charlotte F. Scott owns property of the value of less than Five Hundred Dollars ($500.00) and is obliged to support herself by her own labor, and that the entire value of said undivided one-half interest in said real estate does not at the present time exceed Five Thousand Dollars ($5,000.00)."

The appellee's husband, Earl W. Scott, was never seized of said real estate as he deceased before Mary C. Toye, the life tenant. The question arises whether a vested interest in remainder expectant upon a life estate is "real estate" within the meaning of Public Laws, 1919, Chapter 1787, Section 7, the statute by authority of which said decree was entered, which provides that: "Whenever the intestate dies without issue and leaves a husband or wife surviving, the real estate of the intestate shall descend and pass to the husband or wife for his or her natural life. The probate court having jurisdiction of the estate of the intestate, if a resident of this state, or the probate court of any city or town in which the real estate of the intestate is situated if not a resident of this state, may also, in its discretion if there be no issue as aforesaid, upon petition filed within one year after the decease, allow and set off to the widow or husband in fee real estate of the decedent situated in this state to an amount not exceeding five thousand dollars in value."

The same questions are raised in the second case, the parties having concurred in stating such questions in the form of a special case for the opinion of this court, in accordance with the provisions of Gen. Laws, 1909, Chap. 289, § 20.

Section 9, Chapter 32, Gen. Laws, 1909, provides: "The word 'land' or "lands,' and the words 'real estate,' may be construed to include lands, tenements and hereditaments, and rights thereto and interests therein." A vested remainder in fee is an interest in real estate. Section 1 of said chapter provides: "In the construction of statutes the provisions of this chapter shall be observed, unless the observance of them would lead to a construction inconsistent with the manifest intent of the general assembly, or be repugnant to some other part of the same statute." A construction construing the words "real estate" in Section 7 of said Chapter 1787, to include a vested interest in remainder, would not, in our opinion, be "a construction inconsistent with the manifest intent of the general assembly, or be repugnant to some other part of the same statute."

At the hearing before us it was contended on behalf of the appellant that inasmuch as neither dower nor curtesy attached to an estate unless the deceased spouse was seized thereof during the intermarriage it was not the intention of the legislature as expressed in said Section 7 to give to the surviving spouse an interest in a vested estate in remainder. The clear intention of said Section 7 was, in the event of the decease of one spouse intestate and without issue, to give to the surviving spouse a larger interest in the estate of the intestate than was given by the statutes providing for dower and curtesy and by Gen. Laws, 1909, Chap. 316, of which said Section 7 is an amendment. Said chapter gives to the surviving spouse a larger interest also in the personal estate. Said chapter even permits the probate court in its discretion to allow and set off in fee to the surviving spouse ancestral estate of the deceased spouse to an amount not exceeding five thousand dollars in value. What is a vested interest in remainder if it is not real estate? It is certainly not personalty. It is an interest which may be disposed of by will. Sec. 23, Chap. 252, Gen. Laws, 1909; Secs. 1 and 2, Chap. 254, Gen. Laws, 1909; *Loring* v. *Arnold,* 15 R. I. 428.

We do not think the words "real estate of the decedent" can fairly be construed to mean "real estate of which the deceased was seized in possession during the intermarriage." We are of the opinion that the legislature in passing said Chapter 1787 intended to give to the surviving spouse, when the decedent died without issue, an interest in all of the real estate of whatsoever nature of the deceased spouse; that said real estate in remainder on the decease of said Earl W. Scott passed by virtue of said Section 7 to his widow, Charlotte F. Scott, for life and that said Municipal Court had authority by virtue of Section 7 of said Chapter 1787 to allow and set off to her in fee said remainder as it did not exceed five thousand dollars in value, and the parties to the proceedings seeking an opinion are advised accordingly.

The exception of the appellants in the first case is overruled and the case is remitted to the Superior Court for further proceedings.

*Quinn & Kernan,* for Fischer *et al.*

*Claude R. Branch, Kenneth J. Tanner, Edwards & Angell,* for Charlotte F. Scott.